# ANDREW DARLING

*v.*

# ENOS GUNN, Collector of the Town of Olney.

1. TAXATION—*town board of revision—of its powers.* When the owner of personal property feels aggrieved by an assessment thereof under the anthority of any town in a county acting under the township organization law, the board of revision of the town may review the assessment upon proper application, without any affidavit of the owner that his personal property does not exceed a certain sum, and reduce it to whatever sum they may deem just under the assessment laws.

2. But when the person who complains makes such an affidavit, then the sum he swears his personal property is worth, the board is required to adopt as its assessable value.

3. SAME—*revision of assessment by the board of supervisors—notice to the owner.* Even if the county board of supervisors have the power to amend and raise an assessment made by the town upon personal property, after the town board of revision have reviewed the assessment and reduced it, which is not conceded, still it can only be done upon proper notice to the owner that the board of supervisors intend to review the assessment of his property.

4. SAME—*of the rule of uniformity.* The constitutional requirement in reference to the valuation of property for taxation is based upon, and requires, uniformity, and when property is uniformly assessed the demands of the constitution are answered.

5. SAME—*application of the rule to the assessment of shares of bank stock.* So, where the assessor of a town assessed certain shares of bank stock at par, that being no more than their cash value, upon a review of the assessment by the town board of revision, it was reduced to one-third the value of the shares, that being the rate of valuation at which the other personal property had been

assessed in the town: *Held,* that this action of the board of revision was constitutional, legal and just, as it secured that uniformity of assessment among the different owners of property which the constitution requires.

6. INJUNCTION—*to restrain the collection of a tax.* Where an assessment upon personal property made by a town assessor, was reduced by the town board of revision, and afterwards the county board of supervisors, without any notice of their intended action to the owner of the property, raised the assessment to the original amount, it was *held,* that the tax, to the extent it was increased by the action of the board of supervisors, without such notice, was levied by persons without authority, and an injunction would lie to restrain its collection.

APPEAL from the Circuit Court of Richland county; the Hon. R. S. CANBY, Judge, presiding.

The opinion of the court contains a sufficient statement of the case.

Messrs. SHAW, HAYWARD & KITCHELL, for the appellant.

Messrs. WILSON & HUTCHINSON, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was a bill in equity, filed by appellant, in the Richland Circuit Court, against appellee, who was town collector, to restrain the collection of a portion of a tax which had been assessed against him, upon the ground that the levy of the same was illegal.

It appears that the town assessor called upon appellant, who returned a list of his taxable property, which embraced a considerable amount of bank stock, which the assessor valued and entered upon his books at par. Appellant appealed to the board of revision, consisting of the supervisor, town clerk and assessor, when they reduced the assessment of the bank stock to one-third of its par value, and it was thus entered on the assessor's books. On their being returned to the office of the county clerk, the board of supervisors, at their next September

meeting, raised the assessment of the bank stock to its par value, and ordered the county clerk to extend the tax on that valuation, which he did, and placed the collector's books, with the tax thus extended, in the hands of appellee for collection.

It appears that the board of revision, in reducing the assessment of appellant's bank stock to one-third of its value, only equalized its valuation with other personal property, which had been assessed at but one-third of its value.

The board of supervisors became parties to the suit, and filed a cross-bill and answered the original bill, and on a hearing, the court below dismissed the original bill and dissolved the temporary injunction previously granted, and complainant brings the case to this court on appeal, and asks a reversal of the decree below.

In counties acting under township organization, each town annually elects, with other officers, a town assessor, who is required by the law to assess and value all property liable to taxation in his township, and to return to the clerk of the county court such list of assessments and valuation within a prescribed period. But before he makes such return, he is required to give notice of the time and place that he, the town clerk, and the supervisor of the town, will meet as a board of revision, and when thus met, it is made their duty to hear all appeals from the assessment made by the assessor, and to correct the same, and when the assessment roll is thus corrected it is required to be returned to the clerk, and on the assessment roll thus made out and corrected, the clerk is required to extend the tax on the collector's books. Sec. 13, art. 16, Sess. Laws 1861, p. 242.

The 15th section of the same article declares, that the board of supervisors shall have power to equalize the assessment of the real estate of the several towns of the county, but gives no power over personal property. The 16th section of the same article declares, that whenever it shall be made to appear, by affidavit or otherwise, to their satisfaction, the assessment to have been unlawfully, partially or improperly made, and

that such assessment is grossly wrong and partial, they shall amend such assessment, or declare the same null and void, and shall have power to appoint some suitable person or persons, who shall be residents of the town, to make a new assessment of the property therein, and make return by a day to be named. And the 18th section declares, that the person appointed to make the assessment shall take the oath prescribed for the assessor, and shall proceed to make the assessment, and shall give the same notice of the time and place he will meet the supervisor and town clerk as a board of revision as is required of assessors; and when the assessment is thus corrected, in like manner to return it to the clerk of the county court.

It is urged that the board of revision had no power to act until an affidavit was filed by appellant that his property was unfairly assessed, and their action in reducing the valuation was void. The statute declares, that on the application of any person who shall feel aggrieved, they shall review the assessment. In the first clause of sec. 13, which requires the board to review the assessment, there is nothing said in reference to an affidavit, but the board is required to review the assessment on the application of any person who shall feel aggrieved by the assessment. But the next clause declares, that if such person shall make an affidavit that his personal estate does not exceed a certain sum, the board shall reduce his assessment to the sum named in the affidavit. From these provisions it appears that the board of revision may review the assessment upon proper application, without an affidavit, and reduce it to whatever sum they may deem just under the assessment laws; but when the person who complains makes the required affidavit, then the sum he swears his personal property is worth, the board is required to adopt as its assessable value. It then follows, that this assessment, as corrected by the board of revision, was legal.

It is again urged that, under the 16th section, the board of supervisors had the power to amend this assessment. If this

were conceded, which we do not concede, still it does not follow that they had the power to do so in the mode adopted. It nowhere appears that appellant had notice that the board of supervisors intended to review the assessment of his property.

The law, jealous of the rights of the citizen, has provided that the tax payer shall be called upon by the assessor, and that he shall be heard on the question of the assessment of his property, and that when the assessment is made, and he and the assessor have differed as to its value, he shall again have the opportunity of being heard before the board of revision. It thus appears that the legislature has regarded this as a right of which he should not be deprived.

It is eminently just that no person should be deprived of his property without being heard; and it may be that he cannot, until such opportunity is afforded, even in the assessment of taxes for the support of government. Be that as it may, we have no hesitation in holding, that where the board of supervisors exercise the power to raise the assessment of an individual, he must have notice and an opportunity to be heard before it can be legally done, even if they possess such a power. *Cleghorn* v. *Postlewaite,* 43 Ill. 428.

It is insisted that the assessment is for no more than the cash value of the shares of bank stock, and that a party must do equity before he can ask equity, and that it is only equitable that he should pay taxes on the cash value of his property. In the cases of *Bureau County* v. *The Chicago, Burlington & Quincy Railroad,* 44 Ill. 229, and *Boone County* v. *The Chicago & Northwestern Railroad,* ib. 242, it was held that the constitutional requirement in reference to the valuation of property for taxation was based upon, and required, uniformity; that when it was uniformly assessed the demands of the constitution were answered. In this case, the value fixed by the board of revision appears to have been uniform with the value of other personal property assessed on the same roll. This, then, rendered it constitutional and legal, and if so, it

must be equitable that property of appellant should be assessed no higher than that of his neighbors. Why should he be required to bear any greater burthens, in proportion to the value of what he has, than other persons? No reason is perceived for such a requirement. As we understand this record, the board of review fixed the assessment of these shares at the same proportion of their true or market value, as other personal property was assessed. If other personal property was assessed in that township at one-half or other fraction of its true value, then such shares should be assessed at the same rate of valuation.

The tax, to the extent it was increased by the action of the board of supervisors, having been levied on an unauthorized assessment, made by persons having no jurisdiction of the person to make the assessment without notice to appellant, its collection should have been enjoined by the court below, and the decree is, therefore, erroneous. This case falls within the former decisions of the court, in which it is held that a court will not interfere to restrain the collection of a tax, unless it is levied by persons having no authority.

The decree of the court below is reversed and the cause remanded.

*Decree reversed*