WILLIAM J. McCONKEY

*v.*

LOT SMITH.

1. INJUNCTION—*to restrain collection of taxes.* A court of equity will restrain the collection of taxes in cases of fraud, or when the assessment or levy is made without the authority of law, or when they are levied upon property not subject to taxation.

2. TAXES—*power of assessor to change assessment.* When a party makes out and delivers to the assessor a list of his taxable property, which is ac-

| | |
|---|---|
| 73 | 313 |
| 150 | 500 |
| 73 | 313 |
| 183 | 317 |
| 73 | 313 |
| 191 | ²204 |
| 73 | 313 |
| 199 | ² 70 |

cepted by the assessor, without question, the assessor has no power afterwards, arbitrarily and of his own motion, to alter it, without first giving the party assessed notice.

3.  SAME—*board of supervisors have no power to make or raise assessments.* The board of supervisors can equalize assessments, but they have no power to raise the assessment of personal property beyond the amount returned by the assessor; and if they do so, the collection of the tax upon such raised assessment will be enjoined by a court of chancery.

APPEAL from the Circuit Court of McHenry county; the Hon. THEODORE D. MURPHY, Judge, presiding.

Messrs. SLAVIN & SMITH, for the appellant.

Messrs. COON & CURTIS, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was a bill in chancery, filed by William J. McConkey, in the McHenry circuit court, against Lot Smith, collector of taxes for the town of Chemung, in that county, to restrain from collecting certain taxes assessed against the complainant, on the allegation such taxes were unlawfully assessed.

There was a demurrer to the bill, which was sustained, the injunction dissolved and the bill dismissed. To reverse this judgment, complainant appeals.

As the demurrer admits all the facts which are properly pleaded, the question is, do the facts as pleaded warrant the interposition of a court of equity to grant the relief sought.

This court has decided in a multitude of cases, that a court of equity will restrain the collection of taxes in cases of fraud, or when the assessment or levy is made without the authority of law, or when it is levied upon property not subject to taxation. *Drake* v. *Phillips*, 40 Ill. 388; *Vieley* v. *Thompson*, 44 id. 9.

The allegation in the bill is, that complainant gave to the assessor a true list of his taxable personal property, which the assessor accepted without any objection, and which amounted in the total to eight hundred dollars, and no more.

This the assessor, without notice to the owner, altered, and

entered the assessment on his books, from eight hundred dollars to four thousand one hundred dollars. This is admitted, and brings the case within the ruling of this court in *Cleghorn* v. *Postlewaite*, 43 Ill. 428, where it was held, when a party liable to taxes makes out and delivers to the assessor a list of his taxable property, which is accepted by the assessor, without question, the assessor has no power afterward, arbitrarily and of his own motion, to alter it without first giving the party assessed notice.

But it is not the collection of the taxes on this assessment so made by the assessor that was sought to be collected, and to restrain which the bill was filed. It appears by the bill that, at the July term, 1873, of the board of supervisors, appellant was notified to appear before the board in regard to this assessment, when he learned for the first time of its increase, at which time he applied to the board and requested them to reduce the assessment to the original amount—eight hundred dollars, which they refused to do, but raised it to the greater sum of nine thousand one hundred dollars, and this without the knowledge or consent of appellant. It is the collection of the tax on this enlarged assessment, the bill was filed to enjoin, and of which it is alleged appellant had no knowledge, until appellee, as collector, called upon him with his book and warrant to collect. These facts are admitted. The question is, do these facts make a case for equitable interposition?

On the authority of *Darling* v. *Gunn*, 50 Ill. 424, we are satisfied the board of supervisors had no power to revise and raise the assessment of personal property. We do not find any power in the Revenue Law granted to the board of supervisors so to do, without notice. They can equalize assessments, but can not originate an assessment, which this really is. They can equalize assessments between the several towns, but can not, of their own mere motion, raise an assessment beyond the amount returned by the assessor, nor can he increase an assessment which he has once accepted, without first notifying the taxpayer. *Cleghorn* v. *Postlewaite, supra.*

We do not perceive what sufficient or adequate remedy a party thus imposed upon by the county authorities can have, except through the restraining power of a court of chancery, which has been often exercised in cases of this nature, as shown by the cases which we have cited.

This being the principal question in the case, it is not necessary to consider the others made, as the decree must be reversed, and the cause remanded for further proceedings consistent with this opinion.

*Decree reversed.*