CITY OF SAN ANTONIO V. WM. HOEFLING, SR.

Decided March 25, 1897.

**1. Taxation—Valuation by Board of Appeal—Charter Construed.**

Approving the ruling of the Court of Civil Appeals herein construing secs. 193 and 194 of the Charter of the City of San Antonio, held that the Board of Revision and Appeal could not raise the valuation of unrendered property, listed and valued by the assessor, without notice to the owner. (P. 513.)

**2. Same.**

It would seem that, if the attempt of the Board of Appeal and Revision to raise the valuation of property was void for want of notice to the owner, the valuation made by the assessor would remain unaffected. (P. 513.)

**3. Practice in Supreme Court—Motion for Rehearing in Court of Civil Appeals.**

Error by the Court of Civil Appeals (on holding an increased valuation of assessed property, fixed by the Board of Appeal of the city, void for want of notice to the owner) in failing to award judgment in favor of the city for the taxes due on the valuation fixed by the assessor, can not be considered by the Supreme Court where such objection to the judgment was not taken by motion for rehearing in the former court. (Pp. 513, 514.)

PETITION for writ of error to Court of Civil Appeals, Fourth District, in an appeal from Bexar County.

The portions of the charter of the city of San Antonio referred to in the opinion are as follows:

"Sec. 193. It shall be the duty of the assessor to assess and return within the time fixed by the board, all property subject to taxation, and to make out a list of such property and of persons chargeable with a poll tax, describing as near as possible the quantity, streets, and bounds of real estate, and the value of the grounds and that of the improvements separately, and to make out a list of all personal property, and return the same assessed; and all property not returned to the assessor according to the provisions of this act, he shall proceed to assess in the name of the owner, if he be known, and if not, then it shall be assessed by description of the property and last known owner; and the value of all such property shall be determined by the board of revision and appeal, and the same may be sold as in other cases, if the tax be not paid in the time prescribed by law, the assessment to be made according to law, and the directions given by the city council."

"Sec. 194. The city council, or at least the mayor and three aldermen, shall sit as a board of appeal and revision, to whom shall be submitted, by the assessor, the tax list, and before whom persons feeling aggrieved may appeal in writing, stating his or her grievance. Said board shall hear and determine all such appeals in a summary manner, correct errors, appraise all property assessed as unknown, and increase or diminish any assessment as they may deem just; provided, that no assessment shall be increased unless the owner of such property has been notified to appear before such board, and given an opportunity to make his objections to such increase, a copy of which notice shall, with the officers' return thereon, be filed with the city clerk. After the board has revised such tax list the assessor shall make out a correct list and enter the amounts due by each person, as well as the property assessed, and it shall be immediately delivered to the collector, who shall give a receipt for the aggregate amount thereof, which shall be charged to him. If, after or before payment of taxes by any person, any error is discovered in amount, such error shall be corrected by the board, on application in writing, and the overcharge, if paid, shall be refunded to the person having paid the same."

*R. B. Minor & Houston Bros.*, for petitioner.—Petitioner contends that under these charter provisions, in the case of property which is rendered for taxation, the action of the board of appeal and revision is appellate and revisory. This is clearly expressed in the language of section 194. Coming now to the provisions of section 193, petitioner believes that said section clearly limits the duties of the assessor, in cases of unrendered property, to describing the property and listing it in the name of the owner, etc., and particularly directs that the valuation be made by the board of appeal and revision. The language "and the value of all such property shall be determined by the board of revision and appeal," refers, evidently, to "all property not returned to the assessor according to the provisions of this act," that is, to all unrendered property.

GAINES, ASSOCIATE JUSTICE.—This suit was brought by the city of San Antonio to recover of William Hoefling certain taxes assessed against him for the fiscal year ending February 28, 1891. He did not render his property for taxation for that year; but it was listed in his name as the owner by the city tax assessor and was valued by that officer. The "board of appeal and revision," without giving him notice, increased the valuation of certain parcels of his real estate, but left that placed by the assessor upon other parcels, as well as that put upon his personal property, untouched. The city recovered a judgment in the trial court for all the taxes claimed by it—that is to say, it recovered upon the basis of the increased valuation made by "the board of appeal and revision." Upon appeal to the Court of Civil Appeals, that judgment was reformed and a judgment was given for the city for the taxes upon the property only which had been valued by the assessor and upon which the valuation had not been increased by the board. On appeal to the Court of Civil Appeals, the contention of the city was, that under the charter of the city when property was unrendered, whether the owner was known or not known, it was the duty of the assessor to list it merely and not to value it, and that the valuation in the first instance was to be fixed by "the board of appeal and revision," and that therefore the valuation of the assessor was without effect and the board had the power to value the property without notice to the owner. The Court of Civil Appeals, however, held, that where property in the city was not rendered and the owner was known, it was the duty of the assessor not only to list it in the name of the owner, but also to value it for taxation, and that the board had no power to increase that value without giving notice to the owner. We concur in that opinion. But we are also inclined to think, that in reforming the judgment the court should have allowed the city a recovery not only for the taxes upon the property, the valuation of which had not been increased by the board; but also for the taxes upon the other property, upon the basis of the assessor's valuation—disregarding the attempted increase. It would seem that if the attempt of the board to raise the value of certain parcels of the real estate was void because they failed to give proper notice to the owner, the assessment made by the assessor would remain unaffected. But the failure of the Court of Civil Appeals to give a judgment for such additional amount was not made a ground of the motion for a rehearing in that and has not been formally assigned as a ground of error in this court. There is, however, a proposition under the last assignment of error presented in the application which raises the question. We would be disposed to disregard the form and to treat the proposition as an assignment in itself; but since it was not made a ground of the motion for a rehearing—under our rules, it must be considered as waived. In the petition the city prays for all the taxes upon the basis of the increase made by the board and does not pray in the alternative for what may be due it upon the basis of the assessor's valuation. In its brief in the Court of Civil Appeals, it is nowhere suggested that it was entitled to so much if not to all it claimed.

In its motion for a rehearing, the ground is not urged, that it was entitled at least to what was shown to be due according to the value placed upon the property by the assessor.

Rights not insisted upon by counsel may be inadvertently disregarded by courts; and the object of the rule which requires that the grounds upon which a writ of error is sought in this court shall first be presented to the Court of Civil Appeals in a motion for a rehearing, was to enable that court to correct any error into which it may have fallen by reason of not having had the matter called distinctly to its attention.

The point made by the proposition to which we have alluded is worthy of consideration and we would not be understood as determining it adversely to the applicant, but it is not so presented that we feel at liberty to decide it.

The application for the writ of error is refused.

*Writ of error refused.*