### ALTSCHUL v. GITTINGS, Sheriff.

(Circuit Court, D. Oregon. April 1, 1898.)

No. 2,236.

1. TAXATION—EQUALIZATION—SUIT TO ENJOIN COLLECTION.
   Where the law creates a board of equalization, and provides that "it shall be the duty of persons interested to appear at the time and place appointed for the meeting of the board, * * * and if it shall appear that there are any lands * * · * assessed under or beyond their actual value such board shall make the proper correction," a person aggrieved by the wrongful act of the assessor cannot maintain a suit in equity to enjoin the collection of any portion of the tax unless he first seeks redress at the hands of the county board of equalization.

2. SAME—POWER OF BOARD OF EQUALIZATION.
   The board of equalization created under the laws of Oregon is empowered to correct all errors of assessment,—as well those where the property or rights are not the subject of taxation as those where the assessment is unequal or excessive.

3. SAME—EXCLUSIVE REMEDY—FEDERAL QUESTION.
   Where the laws of a state create tribunals for the correction and equalization of assessments, and confer upon such tribunals power to grant relief to aggrieved persons, it is for the supreme court of the state to determine whether the statutory remedy is exclusive, or whether it is only cumulative; and the supreme court of Oregon having held that the jurisdiction given county boards of equalization is exclusive, and that the court is without jurisdiction to grant relief from the erroneous exercise of the taxing power except in cases of fraud, such decision raises no federal question.

Williams, Wood & Linthicum, for plaintiff.
Milton H. Smith, for defendant.

BELLINGER, District Judge. This is a suit to restrain the collection of taxes upon certain lands belonging to the complainant, situated in Harney county, upon the ground that the assessment complained of is excessive, unequal, and disproportionate, in that all of the said lands are unfenced and uncultivated, but were assessed, nevertheless, as other lands, which were fenced and cultivated and of better quality, situated in the neighborhood; and upon the further ground, in effect, that the assessment includes large quantities of lands inuring to the complainant under the wagon-road grant made to aid in the construction of a wagon road from Albany, Or., to the eastern boundary of the state, not yet patented, and therefore not liable to assessment and taxation. The complainant excepts to certain portions of the answer filed herein, as follows: First, to the allegation that the defendant does not know, and cannot set forth, as to his belief or otherwise, whether or not the complainant and his predecessors have duly and regularly paid all or any taxes assessed and levied upon said land for which patents have been so issued; second, to the allegation that the plaintiff and his predecessors in interest have, at various times prior to the imposition of this tax, leased portions of the lands described in said notice of sale, and received rents therefor, and have held themselves out as the owners of said lands, and therefore should be estopped now to say that they are not the owners in fee; third, to that part of the answer which alleges that the selected lands should be designated only as therein before set forth in said answer; and, finally, to so much of the answer as alleges that by the laws of Oregon provision is made for the creation of a board of equalization for the county of Harney, for the purpose of equalizing assessments imposed on all lands in said Harney county for the year in question, and that said board had its meetings and sessions for that year, of which the usual notice was given, and that it was incumbent upon the complainant or his predecessors to apply to said board for the relief sought in this action, etc. Of the several exceptions, all except the last have heretofore been disposed of. By the last exception is presented the important question whether the complainant is precluded to seek the relief prayed for in this suit by his failure to apply to the board of equalization for Harney county for the relief which he seeks in this action, or, more properly speaking, whether the board of equalization for Harney county had jurisdiction to grant the remedy to the plaintiff which he seeks in this suit, and, if so, whether that remedy is an exclusive one.

The statute provides that it shall be the duty of persons interested to appear at the time and place appointed for the meeting of the board of equalization of the county; and if it shall appear to such board of equalization that there are any lands, lots, or other property assessed twice, or in the name of a person or persons not the owner thereof, or assessed under or beyond its actual value, or any lands, lots, or other property not assessed, said board shall

make the proper corrections. It was held in this court in the case of Investment Co. v. Charlton, 13 Sawy. 25, 32 Fed. 192, that a person who is aggrieved by the wrongful action of an assessor in the valuation of his own or other's property for taxation cannot maintain a suit in equity to enjoin the collection of any portion of the tax resulting from such action unless he first seeks redress at the hands of the county board of equalization as provided by statute. Where the laws of a state create a tribunal for the correction and equalization of assessments, and confer upon such tribunal power to grant relief to aggrieved persons, it is for the supreme court of the state to determine whether the statutory remedy is exclusive, or whether it is only cumulative, and its action in that respect raises no federal question. Railroad Co. v. Patterson, 154 U. S. 130, 14 Sup. Ct. 977. In the case of Association v. Kelly, 29 Or. 412, 45 Pac. 901, it was held, in effect, that the jurisdiction given to the county boards of equalization is exclusive, and that the court is without jurisdiction to grant relief from the erroneous exercise of the taxing power, except in cases of fraud. It is claimed on the part of the complainant, among other things, that the remedy provided by this statute does not extend to the case made here, where one of the grounds of the complaint is that property or interests have been assessed that are not the subjects of taxation. I am of the opinion that this board of equalization is empowered to correct all errors of assessment,—as well those where the property or rights are not the subject of taxation, as those where the assessment is unequal or excessive. Moreover, this allegation in the answer, in any view of this question, is material as an answer to so much of the complaint as charges that the valuations in the assessment in question are excessive, unequal, and disproportionate to those made upon other lands of like character in the vicinity. The fourth exception therefore is overruled.