(No. 14198.—Reversed and remanded.)

THE PEOPLE *ex rel.* Roy W. Bracher, County Collector, Appellant, *vs.* E. V. ORVIS *et al.* Appellees.

*Opinion filed December 22, 1921—Rehearing denied Feb. 10, 1922.*

1. TAXES—*what constitutes an equalization of assessments.* Equalization of assessments is the adjustment of aggregate values of property as between different taxing districts, so that the value of the whole tax imposed upon each taxing district shall be justly proportioned to the value of the taxable property within its limits and so that one county or taxing district shall not pay a higher tax in proportion to the value of its taxable property than another, but the act of a board of review in changing the assessment in only one city or taxing district of the county is nevertheless an equalization of assessments in such territory.

2. SAME—*property owners must take notice of statutes for assessment of property.* Property owners are bound to take notice of statutes for the assessment of property for taxation, but the action of a board of review in making an original assessment or in changing an individual assessment must be with notice and an opportunity to contest the justness of the assessment.

3. SAME—*constitutional provision for uniformity of taxation is mandatory.* The provision in section 1 of article 9 of the constitution for uniformity of taxation is a mandate to taxing authorities and lies at the foundation of all taxing power, for the reason that one property owner should not be compelled to pay a greater proportion of taxes, according to the value of his property, than another.

4. SAME—*paragraph 3 of section 35 of Revenue act of 1898, providing for equalization of assessments, is not invalid.* Paragraph 3 of section 35 of the Revenue act of 1898, (Laws of 1898, p. 48,) providing for the equalization of assessments in any taxing district which are found to be too low or too high, does not violate the due process of law provision of the bill of rights in permitting a board of review to make a horizontal raise of an assessment by notice to at least fifty property owners in the taxing district, although personal notice is not given to every owner in the district.

5. SAME—*equalization of assessments is not exercise of judicial power.* Boards of assessors, boards of supervisors and boards of equalization in reviewing or equalizing assessments of·taxes, though acting judicially, are not courts and do not exercise the judicial powers of courts·in so doing.

6. SAME—*minutes of board of review need not be introduced in collector's proceeding.* The statute does not require, on an application by the county collector for judgment for taxes, that the minutes of the board of review be put in evidence to show the vote of each member on the proposition for equalization of assessments.

APPEAL from the County Court of Lake county; the Hon. PERRY L. PERSONS, Judge, presiding.

ASHBEL V. SMITH, State's Attorney, (ARTHUR BULKLEY, of counsel,) for appellant.

COOKE, POPE & POPE, and RALPH J. DADY, for appellees.

Mr. CHIEF JUSTICE STONE delivered the opinion of the court:

The county court of Lake county sustained objections of appellees and others to that portion of the general tax for the year 1920 which was included in a horizontal raise of thirty per cent made by the board of review for that year on all lands and improvements in the city of Waukegan.

On July 26, 1920, the board of review of Lake county sent to 169 owners of real estate in the city of Waukegan a notice by mail, as required by paragraph 3 of section 35 of the act entitled "An act for the assessment of property and providing the means therefor, and to repeal a certain act therein named," (Laws of 1898, p. 48,) to the effect that on August 18, 1920, said board would consider and take such action as it deemed proper to increase the entire assessment of real estate, together with the improvements thereon, located within the corporate limits of said city, county and State, and to equalize the assessment of real estate and improvements thereon located therein, by increasing or reducing the amounts thereof, or such portion as in the opinion of the board of review would be necessary to create a just assessment of such real estate and improvements. On August 18 the board met, with all members present, and certain owners of real estate in the city of

Waukegan, among whom was appellee Orvis, appeared in person. After a hearing the board took the matter under advisement and reserved its decision until a later date and then adjourned to August 19, 1920. The board met again on September 1, 1920, pursuant to adjournment, with all members present, and caused to be entered of record a finding that on the 26th day of July, 1920, a notice of a proposed increase in the assessment of real estate in the city of Waukegan was mailed to more than fifty owners of real estate within the corporate limits of said city; that on the 18th day of August, being the date set in said notice for a hearing on the matters therein contained, a hearing was had pursuant to said notice, and that the board being fully advised in the premises, found that the assessment of real estate and improvements thereon within the city of Waukegan was not made upon a proper basis by the assessor in the quadrennial assessment made in the year 1919 and that said real estate and improvements thereon as the same was fixed by the assessor was thirty per cent too low, and thereupon the board of review caused to be entered of record an order that said assessment be raised horizontally, and directed the clerk to make the necessary changes on the assessment books and that the assessment for the year 1920 be fixed as thereby ordered. On October 2, 1920, the board of review again met pursuant to adjournment, with all members present, and signed the assessment books and turned the same over to the county clerk, and attached thereto the affidavit required by section 38 of the above entitled act. The county clerk extended the taxes against the lands of appellees on the basis of this thirty per cent raise. Lake county has less than 100,000 inhabitants.

After a hearing before the county court the objections of appellees were sustained, on the ground that paragraph 3 of section 35 of the above entitled act is unconstitutional, and judgment was entered denying the application of the county treasurer for judgment.

But two questions are presented in this record. The first is as to the constitutionality of paragraph 3 of section 35 of the general Revenue act of 1898; and the second is whether or not such act, if valid, has been complied with.

It is urged under the first objection that the action of the board in making a horizontal raise of thirty per cent, and the provision of the statute authorizing it, violated the constitutional requirement as to due process of law. It is evident from the record of the notices sent out by the board of review, and the proceedings had thereunder, that it was acting under that provision in paragraph 3 of section 35 of the act in question which provides that the board of review shall "increase or reduce the entire assessment of either real or personal property, or both, or of any class included therein if in their opinion the assessment has not been made upon the proper basis, or equalize the assessments of real or personal property by increasing or reducing the amount thereof, in any township or part thereof, or any portion of the county, as may, in their opinion, be just, but the assessment of any class of property, or of any township, or part thereof, or any portion of the county, shall not be increased until the board shall have notified not less than fifty of the owners of property in such township, or part thereof, or portion of the county of such proposed increase and given them, or anyone representing them, or other citizens of said territory, an opportunity to be heard." It is an attempt on the part of the board of review to equalize the assessments of real estate and the improvements thereon within the city of Waukegan.

Equalization of assessments is the adjustment of aggregate values of property as between different taxing districts, so that the value of the whole tax imposed upon each taxing district shall be justly proportioned to the value of the taxable property within its limits, in order that one county

301—23

or taxing district shall not pay a higher tax in proportion to the value of its taxable property than another. (37 Cyc. 1073.) In this case, while it is true, as urged, that the board of review did not take any action with reference to equalizing the assessments of any other taxing district in Lake county, yet such fact does not show that the act of the board was not one equalizing the assessments of values in the city of Waukegan. The board in its notice stated that the question of such equalization would be considered. The board had before it the values as assessed in other taxing districts of the county, and it is clear from the statute that it was not necessary that it change the assessment throughout the county.

It is not contended that the board of review had no power to equalize the assessments, but the argument is that in order for the provision to be constitutional the act should require the giving of notice to every property owner affected, and counsel have cited a number of cases wherein it has been held that the board of review may not raise the assessment on an individual's property without so informing him, either by personal notice or by some general notice which is reasonably certain to reach him and which fixes the place and time of the meeting, of which he must take notice. In *Carney* v. *People,* 210 Ill. 434, it was held that property owners are bound to take notice of the statute, but that a property owner is not required to take notice of the action of a board of review in making an original assessment against him, but that he is entitled to a hearing and an opportunity to contest the justness of the assessment. To the same effect is *People* v. *St. Louis Bridge Co.* 281 Ill. 462, and cases there cited.

As regards an original assessment or the change of an individual assessment, there is no doubt but that the rule contended for is well established. But such is not the situation here. Section 1 of article 9 of the constitution provides: "The General Assembly shall provide such revenue

as may be needful by levying a tax, by valuation, so that every person and corporation shall pay a tax in proportion to the value of his, her or its property—such value to be ascertained by some person or persons, to be elected or appointed in such manner as the General Assembly shall direct, and not otherwise;  *  *  *  in such manner as it shall from time to time direct by general law, uniform as to the class upon which it operates." This provision of the constitution is a mandate issued to taxing authorities to require uniformity of taxation. This principle lies at the foundation of all taxing power, for the reason that one man should not be compelled to pay a greater proportion of taxes according to the value of his property than another. (*People's Gas Light Co.* v. *Stuckart*, 286 Ill. 164.) In compliance with this mandate of the constitution, the legislature, by paragraph 3 of section 35 of the general Revenue act of 1898, has provided that a board of review upon its own motion, if in its opinion the assessment has not been made upon a proper basis so that it is equalized with the other taxing districts of the county, shall review such taxes, and upon notice as there provided to fifty or more property owners of the taxing district, proceed to consider whether or not the valuations in the district shall be raised or lowered to equalize them with the other districts in the county. It will be seen, therefore, that this act of the board of review is not one of originating assessments, and while in a horizontal raise of the property in any taxing district the property of each individual in such district is affected, such a situation is not to be confused with that where the board of review seeks to raise the valuation of the property of an individual tax-payer without regard to its relation to other property in the taxing district. Of the latter cases are those cited by appellees.

The question whether or not notice to each tax-payer is necessary in order to give the board of review authority to equalize an assessment by a horizontal raise has not been

directly passed upon in this State. The action of the board
of review of this same county was before this court in *People* v. *Abraham,* 295 Ill. 582, and *People* v. *Vail,* 296 id. 61,
where it was held that section 35 of the general Revenue
act was not complied with, but the constitutionality of that
section was not discussed. The duties discharged by the
board of review under paragraph 3 of section 35 are similar to those discharged by the State Board of Equalization
in equalizing property values. The State Board of Equalization has power, after a levy of an assessment has been
made and returned, to raise the assessment in an entire
county, if in its judgment such appears necessary in order
to bring about equality or uniformity of taxation. It has
never been held that the board of review or the State Board
of Equalization, in equalizing taxes, must give notice to
every property owner in the taxing district affected where
the property valuation in such taxing district is raised, and,
indeed, to require that such be done would make the matter of assessment and equalization of taxes wholly impracticable and impossible.

The question raised on this record has been directly
passed upon by courts of other jurisdictions. In *Hubbard*
v. *Goss,* 157 Ind. 485, the question was raised on a statute
similar to section 35 of the general Revenue act, the statute
there requiring that the board should inquire as to the valuation of property and make such changes as may be necessary to equalize the property of the county as between
townships or divisions of townships. That section made no
provision for notice. It was there held that such want of·
notice did not violate the due process clause of the consti-'
tution. In that case a distinction is drawn between the statute requiring equalization and one (also similar to ours)
requiring notice to the individual property owner before his
property assessment shall be increased, it there being held
that all the notice that was required in the former case was
the general notice of the law which designated the time and

place of the meeting of the board of review, and that the
fact that the valuation of each tax-payer's property within
the township or division would be increased by the order
of the board of review did not render such action of the
board of review obnoxious to any provision of the consti-
tution regarding due process, and that the statute requiring
no notice was not unconstitutional.

In *State Railroad Tax Cases,* 92 U. S. 609, the Supreme
Court of the United States, in discussing the power of a
board of equalization to raise the property values in a tax-
ing district, said: "The main function of this board is to
equalize these assessments over the State. If they find that
a county has had its property assessed too high in refer-
ence to the general standard they may reduce its valuation.
If it has been fixed too low they can raise it to that stand-
ard. When they raise it in any county they necessarily
raise it on the property of every individual who owns any
in that county. Must each of these have a notice and sepa-
rate hearing? If a railroad company is by law entitled to
such notice, surely every individual is equally entitled to it.
Yet if this be so, the expense of giving notice, the delay
of hearing each individual, would render the exercise of
the main function of the board impossible. The very mo-
ment you come to apply to the individual the right claimed
by the corporation in this case its absurdity is apparent.
Nor is there any hardship in the matter. This board has
its time of sitting fixed by law. Its sessions are not secret.
No obstruction exists as to the appearance of anyone be-
fore it to assert a right or redress a wrong, and in the busi-
ness of assessing taxes this is all that can be reasonably
asked."

Again, in *Kentucky Railroad Tax Cases,* 115 U. S. 331,
the court said: "In support of the first of these proposi-
tions it is contended on behalf of the plaintiffs in error that
by the enforcement of these judgments they will be de-

prived of their property without due process of law, because the valuation of their property under the act is made by the board of railroad commissioners without the right on their part to notice of the proceeding or the right to be heard in opposition to any proposed action of the board in its progress. It has, however, been repeatedly decided by this court that the proceedings to raise the public revenue by levying and collecting taxes are not necessarily judicial, and that 'due process of law,' as applied to that subject, does not imply or require the right of such notice and hearings as are considered to be essential to the validity of the proceedings and judgments of judicial tribunals. Notice by statute is generally the only notice given, and that has been held sufficient."

So in *Railroad Tax Cases,* 13 Fed. 752, it was said: "Due process of law in the proceedings is deemed to be pursued when, after the assessment is made by the assessing officers upon such information as they may obtain, the owner is allowed reasonable opportunity, at a time and place to be designated, to be heard respecting the correctness of the assessment and to show any errors in the valuation committed by the officers. Notice to him will be deemed sufficient if the time and place of hearing are designated by statute."

In *Lancaster Co.* v. *Whedon,* 76 Neb. 753, it was held that the requirements of the statute that the board of equalization should hold a session of not less than three nor more than twenty days for the purposes enumerated in the act, commencing the first Tuesday after the first Monday of June of each year, was sufficient notice to all tax-payers of the board's meeting, so far as the matter of equalizing taxes was concerned, and that no further notice was necessary as to the equalization of property values in different counties.

In *Scammon* v. *City of Chicago,* 44 Ill. 269, the board of assessors on review raised the valuation of the property

in the south division of the city of Chicago by a horizontal raise in that taxing district of forty per cent, and it was objected that such was done without notice to the individual tax-payer. Mr. Justice Breese, speaking for the court, said: "The constitution of this State, by section 5 of article 9, provides that the corporate authorities of counties, school districts, cities, towns and villages may be vested with power to assess and collect taxes for corporate purposes, such taxes to be uniform in respect to persons and property within the jurisdiction of the body imposing the same. As all the divisions of the city are under the same jurisdiction it is necessary the valuations within them should be uniform; hence the necessity of subjecting the assessment of each assessor to the judgment of all of them, in order, if this principle of uniformity has not been observed, that the faulty assessment may be rectified,—may be brought to this line." In that case the section of the statute under consideration gave power to the board of assessors to equalize assessments so that they would show on their face uniformity of valuation. It was there held that the objection that the property owner had no notice of a horizontal raise of forty per cent of the property of the district affected, which affected his property, is answered by the fact that the law as expressed in the charter required but one notice of the time and place of the meeting of the board, which was to be given by publication by the city clerk, the court there saying: "But of what avail would be a more special notice? The property owner could not defeat this exercise of power by the board and a notice would avail nothing, but it is a sufficient answer that the law requires no additional notice."

In *Darling* v. *Gunn,* 50 Ill. 424, it was held that the board of supervisors, under the Revenue law then in force, had power to equalize assessments without notice but not to originate them. To the same effect is *McConkey* v. *Smith,* 73 Ill. 313.

It is the view of different writers on taxation that personal notice is not required to give a board of review or reviewing body authority to equalize assessments. (Judson on Taxes, 3834.) Cooley, in his work on taxation, (3d ed. 784-786,) says: "Equalization of assessments has for its general purpose to bring the assessments of different parts of a taxing district to the same relative standard, so that no one of the parts may be compelled to pay a disproportionate part of the tax. To accomplish this purpose, assessment rolls are equalized by county boards, boards of supervisors or commissions, and the aggregate of the county assessment by a State board established for the purpose. This is not done by changing individual assessments, but by fixing the aggregate sums for the several districts at what, in the opinion of the board, they should be, so that general taxes may be levied according to this determination instead of on the assessor's footings. These boards act judicially in equalizing, and their decision is conclusive. They are commonly composed of popular representatives, and they act upon their own judgment of what is equal and just. They are not bound to give notice to tax-payers before raising the assessment of the district except as the statute may provide for it. In raising or reducing the assessment of a district it is sufficient for the board to designate a percentage of increase or reduction."

This court has frequently held that boards of assessors, boards of supervisors and boards of equalization, in reviewing or equalizing assessments of taxes, though acting judicially, are not courts and do not exercise the judicial powers of courts in so doing. (*Owners of Lands* v. *People,* 113 Ill. 296; *Porter* v. *Rockford, Rock Island and St. Louis Railroad Co.* 76 id. 561; *Spencer & Gardner* v. *People,* 68 id. 510.) We are of the opinion that such should be the rule adopted in this case. The statute provides for notice to not less than fifty tax-payers of the taxing district under consideration. It was evidently the intention of the

legislature in requiring such notice to give a reasonable notice to the tax-payers of a district of the time when the board of review would take up the matter of equalizing the assessment of that district. Whether or not a public notice posted or published in the newspapers would have been a more efficient notice for that purpose is not the question involved in this case. That was one resting in the discretion of the legislature. It will be presumed that the board of review exercised its powers fairly and reasonably. (*Burton Stock Car Co.* v. *Traeger,* 187 Ill. 9.) The issuance of notice to the 169 tax-payers on behalf of all of the tax-payers of the city of Waukegan constituted such notice as the legislature deemed necessary. Laws must have a practical application. To require personal notice to every tax-payer of a proposed equalization of the assessment of the property of a taxing district would render such equalization practically impossible and prevent compliance with the requirements of the constitution concerning equal taxation. It is only by such equalization that the provisions of the constitution demanding equal taxation can be complied with. The provision of the statute that notice be mailed to at least fifty tax-payers of the district is not invalid as against due process of law.

It is also objected that the record does not show a compliance with the statute with reference to said equalization. The record shows in this case that the board of review made a horizontal raise of thirty per cent on all lands and improvements in the city of Waukegan, and a fair construction of the minutes of the board is that the action was taken in accordance with the statute. The record shows the change on the assessment books in accordance with section 37 of the act. The notice stated the purpose of the board to consider the equalization of the property values of the city of Waukegan, and the affidavit attached to its finding was sufficient.

While the record in this case does not affirmatively show the vote of the board on the matter of the raise in question, all members thereof made the required affidavit attached to such assessment when completed, and it cannot be doubted that the requirement of the statute that such raise shall be concurred in by a majority of the board was met.   The statute does not require, in an application for judgment for taxes, that the minutes of the board be put in evidence showing the vote of each member on its act of equalization. ·

For the reasons herein expressed the county court erred in sustaining the objections to the tax.   For this error the judgment will be reversed and the cause remanded to the county court, with directions to overrule the objections and enter judgment on the application therefor.

*Reversed and remanded, with directions.*

---

(No. 14318.—Reversed and remanded.)
JOSEPH H. KINDER *et al.* Appellants, *vs.* THE LASALLE COUNTY CARBON COAL COMPANY *et al.* Appellees.

*Opinion filed December 22, 1921—Rehearing denied Feb. 15, 1922.*