**CITY OF HOUSTON et al., Appellants,**

v.

**UNION CITY TRANSFER et al., Appellees.**

No. 13098.

Court of Civil Appeals of Texas. Houston.

Nov. 21, 1957.

Rehearing Denied Dec. 12, 1957.

Geo. D. Neal, City Attorney, Homer T. Bouldin, Senior Asst. City Atty., Houston, for appellants.

Fulbright, Crooker, Freeman, Bates & Jaworski, Gibson Gayle, Jr., Houston, John H. Benckenstein, Beaumont, for appellees.

BELL, Chief Justice.

Appellees brought suit in the 113th District Court of Harris County against appellants, seeking to enjoin appellants from attempting to collect taxes, penalties and interest which were claimed by the City of Houston and the Houston Independent School District for the years 1950–1954, inclusive.

The appellees alleged that they became owners of the property on which the taxes were assessed in the year 1948, and at such time the property was not within the limits of the City of Houston or the Houston Independent School District. The property was rendered with the Harris County Tax Assessor and Collector and a valuation of $2,400 was placed on it. Sometime during the year 1950 the property was annexed by

the City of Houston and thus became a part of the City and the Houston Independent School District. Appellees were not given notice of proceedings to annex the property. This, however, is without significance. In 1950, without notice to appellees, the Assessor and Collector of Taxes of the City and School District arbitrarily fixed the value of the property at $3,000. This same valuation was maintained for 1951. For the year 1952 the valuation was raised by the Board of Equalization (Appraisement) from $3,000 to $3,300 without any notice to appellees. This was maintained for the year 1953. For the year 1954 said Board, without notice to appellees, raised the valuation to $11,550. The appellees, by their pleading, alleged they were entitled to notice by reason of Article 1053, Vernon's Ann.Tex.St.

The appellants answered with a general denial.

On trial before the court without a jury, the parties entered into a stipulation of the facts.

The trial court permanently enjoined appellants from attempting to collect the taxes, interest and penalties for the years 1952–1954, inclusive.

Appellees do not complain of the refusal of the trial court to enjoin collection of the taxes for the years 1950 and 1951. They concede here that in the absence of a rendition by themselves, the Assessor and Collector of Taxes has authority to assess the property without notice to them. He did so for these two years and there was no increase made by the Board of Appraisement. Appellees' real complaint is that the Board of Appraisement, without notice to them, raised the valuation that had been placed on the property by the Assessor and Collector of Taxes, the raise in 1952 being to $3,300, in 1953 being to $3,300, and in 1954 being to $11,550.

The parties in the trial court entered into a stipulation, the effect of which, without dispute, was to admit all of the factual allegations in the appellees' petition except as to whether the Board of Appraisement raised valuations which had been placed on the property by the Tax Assessor and Collector. As to the last mentioned matter, appellants take the position that the stipulation does not have the effect of establishing that the Board of Appraisement raised assessments made by the Assessor and Collector of Taxes, but that the stipulation was susceptible to the construction that the increased valuation was the act of the Assessor and Collector of Taxes and he has the right to increase the value from year to year on unrendered property.

■ The judgment of the trial court recites that judicial notice was taken of the City charter. This is of significance because the charter was not pled by appellees, but in their pleading they relied upon Art. 1053, V.A.T.S., as the law requiring notice. We are persuaded, however, that Article 1053 is not applicable to Home Rule cities. Smith v. City of Austin, Tex.Civ.App., 212 S.W.2d 947. However, the case was tried on the theory also that the Houston city charter was applicable and we find no complaint of this made in the trial court. Where there is deficiency in pleading but the parties try the case, without objection, on a theory not pleaded, the appellate court will consider the theory to have been properly pled. Therefore, this case is controlled by the applicable provision of the City charter.

■ Appellants first contend the evidence does not support the trial court's judgment. They take the position that there is no showing that the increase in value above $3,000 was the act of the Board of Appraisement as distinguished from the act of the Assessor and Collector of Taxes in assessing the property. The stipulation of the parties as to this issue was as follows:

"The allegations of paragraphs IV, V and VI of Plaintiffs' petition and the statement in paragraph XI that defend-

ants are claiming delinquent tax, penalties and interest (including the figures shown in said paragraph) are true and correct."

To interpret this stipulation, paragraphs IV, V and VI must be examined. They read as follows:

" IV.

"Without giving these plaintiffs any notice that their property had been taken into the city limits and into the limits of said school district and without giving them notice that the value of their said property was to be raised above the value shown on state and county tax rolls in the amount of $2400, the said tax assessor of said city and school district and their respective Boards of Equalization arbitrarily and without a hearing, fixed the valuation of plaintiffs' said property for the years 1950 and 1951 at $3,000.00.

" V.

"For the year 1952, the said Boards of Equalization raised the values of said property appearing on the books of the Assessor in the name of these plaintiffs from $3,000. to $3,300. without giving plaintiffs written notice of a date for hearing when they might have appeared and showed cause why the value should not be raised; no such notice was given to plaintiff tax payers. Said increased valuation arbitrarily and unlawfully so fixed for the year 1952 was maintained for the year 1953.

" VI.

"Said Boards of Equalization again in 1954 raised the valuation of said property from $3,300. to $11,550. without giving plaintiff tax payers written notice of a date for hearing when they might have appeared and showed cause why such values should not be raised; and no such notice was given to these tax payers by any of the defendants."

We entertain no doubt that the effect of the stipulation is to establish that in the first instance the Assessor and Collector of Taxes, except for the years 1953 and 1954, placed the value of the property at $3,000, and in 1953 and 1954 placed it at $3,300, and that in 1952 the Board of Appraisement raised the assessment to $3,300 and in 1954 to $11,550.

The stipulation also states that appellees were never given any notice of a hearing by the Board of Appraisement, nor did they have any actual notice. It is fair to assume, though the stipulation does not expressly cover the matter, that having no actual notice, the appellees attended no such hearing.

Article III, Section 15, of the charter, sets up the Board of Appraisement and then provides this on the matter of notice:

"It shall be the duty of the Board of Appraisement to mail a postal card to each property owner, the valuation of whose property the board proposes to raise or increase, notifying him to appear before it and show cause why said valuation should not be increased as proposed * * *."

It being stipulated by the parties that no notice was ever given appellees and that they never had any actual notice, the Board of Appraisement never acquired jurisdiction to raise the value at which the Assessor and Collector of Taxes assessed appellees' property. City of Arlington v. Cannon, 153 Tex. 566, 271 S.W.2d 414; City of San Antonio v. Hoefling, 90 Tex. 511, 39 S.W. 918; City of El Paso v. Howze, Tex.Civ. App., 248 S.W. 99, writ ref.; People ex rel. Bracher v. Orvis, 301 Ill. 350, 133 N.E. 787, 24 A.L.R. 325, 331.

Appellants urge that the judgment is erroneous because the City charter, Article III, Sec. 15, provides that a person dissatisfied with the action of the Board of Appraisement must appeal to the City Council. This would be true had the Board of

Appraisement acquired jurisdiction, but no jurisdiction having been acquired by the Board, it is not necessary to appeal to the City Council. The raise by the Board of Appraisement was wholly illegal and may be enjoined by a court.

■ The fact that appellants are asserting a tax lien against appellees' real estate based on a void tax suffices to support equitable relief by injunction. Jayton Independent School District v. Rule-Jayton Cotton Oil Co., Tex.Civ.App., 259 S.W. 631.

■ Appellants complain that if the increase by the Board of Appraisement is invalid, they should not be prevented from reassessing the property and the injunction granted prevents this. The injunction should only restrain the attempt to collect the illegal raise. The raise being void, the assessment made by the Assessor and Collector of Taxes prevails as the basis upon which taxes are to be paid. City of San Antonio v. Hoefling, 90 Tex. 511, 39 S.W. 918; City of Arlington v. Cannon, 153 Tex. 566, 271 S.W.2d 414.

It appears that the Board of Appraisement raised the assessment from $3,000 to $3,300 in 1952. The raise for this year was void. However, in 1953 and 1954 the Assessor and Collector of Taxes assessed the property at $3,300, which was not raised in 1953 but was raised in 1954. The judgment of the trial court will be affirmed insofar as it enjoins the collection of taxes for 1952 on a valuation in excess of $3,000, and for 1954 on a valuation in excess of $3,300. However, the injunction is erroneout insofar as it enjoins the collection of taxes for 1953 on a valuation of $3,300, and judgment is here rendered dissolving the injunction insofar as it restrains the taxes on such valuation for 1953.

The judgment of the trial court is reversed and rendered in part and affirmed in part, WOODRUFF, J., not sitting.