## CHARLES N. MUNSON, Collector, etc.

*v.*

## JOHN S. MILLER.

1. CHANCERY PRACTICE—*proof of bill, when required.'* Where exceptions were sustained to portions of an answer to a bill in chancery, and a hearing had on the bill and such portions of the answer as remained, there being no default taken, and no proof heard, and the concluding part of the answer contained a general traverse of the allegations of the bill, and a decree was rendered in favor of the complainant: *Held,* that the court erred in rendering the decree without proof of the material allegations of the bill.

2. TAXES—*equity jurisdiction to enjoin collection of.* Courts of equity in this State will not enjoin the collection of a tax, unless the property upon which it is assessed is exempt from taxation, or where it is levied in a case not authorized by law, and in the absence of all legal power, or where the persons imposing it have no power conferred upon them by law to levy such a tax.

3. Where the property is liable to the burthen under the law, and the law has authorized the tax to be imposed, and it is levied by persons or officers designated by the law to levy such a tax, equity will not interfere, but leave the parties to their legal remedies.

4. SAME—*sufficiency of bill to enjoin.* In this case the bill sought to enjoin the collection of taxes upon an assessment of $5810 extended upon the collector's books by the county clerk in the year 1871, over and above the assessment returned by the assessor for that year, which it was claimed had been omitted from the assessment of the taxes for the previous year. The bill failed to show that the property described was assessed and paid a tax for the year 1870, or that the assessor that year placed it on the assessment roll for taxation, or that it was for any reason exempt: *Held,* that as the county clerk was not only authorized but required by law to assess and enter on the list for taxation any property omitted from the list in the preceding year, the bill on its face showed no equitable ground for relief.

5. SAME—*presumption in favor of.* Where an officer is fully invested with power to make an assessment of property for taxation, and exercises such power, the assessment will be presumed to be valid until it is shown to be void.

WRIT OF ERROR to the Circuit Court of Whiteside county; the Hon. W. W. HEATON, Judge, presiding.

Messrs. DINSMOOR & STAGER, for the plaintiff in error.

Mr. J. E. McPHERRAN, for the defendant in error.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was a bill in equity, filed by defendant in error, in the Whiteside circuit court, against plaintiff in error, to enjoin the collection of a tax levied on the property of defendant in error.

The bill alleges that, sometime in the month of April, 1870, the assessor called upon defendant in error for a list of his taxable property, and that he gave to the assessor a full and complete statement and list of all his personal property and his outstanding liabilities, and the assessor made such return as the law required; that the county clerk did, sometime during the year 1871, enter on the tax books of the town of Sterling, as an assessment of personal property, $5810, which he claimed had been omitted from the assessment for taxes for the previous year, and extended a tax of $265.04 on the property thus placed on the assessment roll by him, which was then on the collector's books for collection against him; that complainant, in good faith, listed all of the personal property, rights, credits and moneys of which he was the owner or possessor at that time; also his indebtedness outstanding, growing out of and immediately connected with such moneys, rights, credits and personal property, and paid the tax assessed thereon soon after it became payable in due course of law.

· It is alleged that complainant is unable to state whether the clerk, or other authority making the assessment, regarded the assessment upon complainant's personal property as being too low in the year 1870, or whether some particular piece or class of personal property had not been assessed, but it is alleged that the personal property of which he was the owner when the assessment was made in 1870, was stated fully and particularly with debts due and owing out of the same, to the assessor, without any reservation whatever.

The collector is made a party defendant, and the bill prays the tax levied on the value of the property placed on the assessor's books by the clerk, be perpetually enjoined.

The defendant filed an answer, and exceptions were filed to portions of it, which were sustained, and a trial had on the bill and such portions of the answer as remained after the exceptions were sustained.

There was no default taken, nor was any proof heard. In this there was error.

Upon turning to the record, we find that the answer concludes with a general traverse of the allegations of the bill. This, of course, put complainant upon the proof of every material allegation of the bill, if it contained grounds for equitable relief.

Discarding the portions of the answer stricken out on exceptions, and when stricken out they cease to be a part of the record, there is no evidence as to who made the assessment, or the manner in which it was done. For aught that appears, the tax may have been assessed in the due course of law, and in all respects regularly, and without any error.

Defendant in error has alleged that the tax was illegal, and he, to succeed, must prove it as alleged. The collector's books are *prima facie* evidence that the tax is, in all respects, legal and valid, and that evidence must be rebutted.

But had the court below jurisdiction to enjoin this tax? The bill alleges that the county clerk assessed the property and extended the tax. The act of 1855, sec. 5, p. 37, provides that the clerk of the county court shall be and he " is hereby authorized and required to assess and enter on the list for taxation any and all property, whether real or personal, that may have been omitted in the regular assessment list; and if such omission be not discovered in time to be extended on the tax list of the proper year, he shall add the amount of tax due thereon to the tax of the following year."

Here we find a tax regular on its face, the property assessed by an officer whom the law has not only empowered but has

required to make such assessments, and the tax, legally levied by the proper authorities, extended upon it, and the bill fails to show that the tax was levied 'upon property exempt from taxation, or that the tax was illegal, not being authorized by law, or that the tax was levied by persons whom the law has not empowered to levy a tax.

The bill does not show that this property was assessed and paid a tax for the year 1870. Nor does it allege that the assessor that year placed it on the assessment roll for taxation; nor that it was for any reason exempt.

The bill, only in a very general and obscure manner, alleges that the assessor demanded a list of his taxable personal property, and that complainant gave to him a full and complete statement and list of his personal property, and his liabilities outstanding, and the assessor then made such return as by law he was required to make in pursuance to the facts as stated to him by complainant. There is nothing here from which it can be seen that this or any other of his personal property was listed by the assessor. There is no averment that he made and signed the list required by law, made up as it provides, or that his property was assessed for the year 1870.

Taking this allegation as true, still it affords no ground for relief, as it states nothing to show that the tax is illegally imposed.

It is only in rare cases that the courts will enjoin a tax. This court has repeatedly said they will not, unless the property is exempt from taxation, or where a tax is levied which is not authorized by law and in the absence of all legal power, or where the persons imposing it have no power conferred upon them by law to levy such a tax. But where the property is liable to the burthen under the law, and the law has authorized the tax to be imposed, and it is levied by persons or officers designated by the law to levy such a tax, equity will not interfere, but will leave parties to their legal remedies.

In this case it appears from the bill that the property was assessed by an officer upon whom that duty is imposed, and there is no pretense that the tax which was imposed upon it was not levied by the proper persons, and there is nothing showing the property to have been exempt. It therefore follows that the bill shows no grounds for relief.

We are referred to *Cleghorn* v. *Postlewaite,* 43 Ill. 430, and *Darling* v. *Gunn,* 50 Ill. 424, as authorities on this question. In the first of these cases it was held that, where a taxpayer makes out a list of his taxable property, and it is accepted by the assessor without objection, and he, without notice, afterwards raises the amount, equity would restrain the additional tax produced by the re-assessment, over and above the amount on the first assessment. But there is no pretense that there was not ample notice given in this case. The bill is entirely silent as to whether notice was given, and we must conclude that there is no complaint on that ground. Nor does it appear that this is a re-assessment of property previously assessed.

In the second of these cases, the board of supervisors, without authority and without notice, raised an assessment that had been fixed by the board of revision. It was there held that the tax, to the extent it was raised by the increased value placed upon the property by the board of supervisors, was illegally levied and its collection was restrained. In that case the supervisors were powerless to re-assess property for taxation in cases of private individuals, and their action was as wholly void as if it had been done by a constable or a road commissioner. But in this case, the county clerk is fully invested with power to make such assessments, and, having exercised the power, we must presume the assessment is valid until it is shown to be void, and the bill fails to do so in this case.

The decree of the court below is erroneous, and must be reversed.

*Decree reversed.*