JOHN J. HANBERG, County Treasurer, Appellant, *vs.* THE WESTERN COLD STORAGE COMPANY, Appellee.

*Opinion filed October 23, 1907—Rehearing denied Dec. 10, 1907.*

1. TAXES—*when equity will enjoin collection of tax.* Where a cold storage plant erected upon leased land has been assessed for its fair value as personal property, and the lessee has paid such tax, a court of equity will enjoin the collection of another tax upon the same property as real estate, where such double tax has not resulted from the voluntary act or from any neglect or fault of the lessee. (*C., B. & Q. R. R. Co.* v. *People,* 136 Ill. 660, distinguished.)

2. SAME—*general rule as to enjoining tax.* A court of equity will enjoin the collection of a tax that is void or levied without authority of law, or where the property is exempt from taxation, or where there has been a fraudulent assessment at too high a rate.

APPEAL from the Circuit Court of Cook county; the Hon. LOCKWOOD HONORE, Judge, presiding.

ILES & MARTIN, for appellant.

RUNNELLS & BURRY, for appellee.

Mr. JUSTICE VICKERS delivered the opinion of the court:

The Western Cold Storage Company, appellee herein, a corporation, leased a portion of the Illinois Central Railroad Company's right of way, said ground being described as the north two hundred feet of Illinois Central pier No. 2, in that portion of Cook county known as the town of South Chicago. The company erected on said property buildings,

five in number, and placed machinery and appliances there-in, at a total cost of more than $400,000, which buildings and appliances were used for general and cold storage purposes. The same company had its general office in Chicago, and also owned warehouses and properties in what is known as North Chicago. The leasehold was for a period of ten years, extending from June 1, 1898, to June 1, 1908, and by the terms of the lease appellee had the right to remove the buildings and machinery at the expiration of the lease. Taxes in the two towns of North Chicago and South Chicago were assessed and collected separately. The general credits, indebtedness, bank accounts, etc., of appellee related to and were assessed at its general office in the north town. Only its tangible property located in the south town was assessed and taxed therein. The case at bar is a suit in chancery filed June 19, 1906, in the circuit court of Cook county, to restrain the collection of certain general taxes assessed on the leasehold estate and improvements above mentioned, for 1904 and 1905, said taxes being extended against said property as real estate taxes. It appears that appellee filed no schedule of its personal property for either of the years 1904 or 1905, but was assessed upon its personal property in said years upon an estimate made by the board of assessors and the board of review, and that it paid the personal property tax so assessed but did not pay the tax assessed and levied against the real estate.

The bill sets out the fact of appellee's corporate existence, and alleges that appellant is county treasurer and *ex-officio* county collector of Cook county, Illinois; that said Cook county, for more than ten years last past, has had more than 125,000 inhabitants, and has a board of assessors and a board of review duly elected according to law, and that the persons constituting said board of assessors and board of review have qualified as members thereof and have assumed the duties and obligations of their respective offices. It then sets up the ownership of the leasehold and improve-

231 — 3

ments hereinbefore mentioned, and alleges that the buildings and appliances were erected and furnished at appellee's own expense. The bill alleges ownership of the fee to be in the Illinois Central Railroad Company, and sets up the fact that by the terms of the charter of said railroad company its property is exempt from general taxation. The bill further alleges that the lessee has endeavored to obtain an extension of said lease but has been unable to obtain any further lease; that all of said buildings and improvements are built principally of brick and tile, with mortar, and are of little or no value for removal; that the insulating and refrigerating appliances and fixtures are composed largely of iron piping which has been in use about eight years, and if removed would be valuable for sale only as scrap iron; that the other machinery, etc., would be of little value for purposes of removal. The bill also sets up the lease, which shows that without the renewal of the said lease at the expiration of ten years the buildings and machinery must be removed from the premises within sixty days, or in default thereof the same would become the property of the Illinois Central Railroad Company. The bill further alleges that on the first of April, 1904, appellee was possessed of the leasehold property herein described and also a small amount of personal property of the value of about $200, and that the foregoing was and is all the property then or now owned by appellee in said town of South Chicago; that at its meeting in 1904 the board of assessors estimated the total full value of appellee's personal property in said south town at $150,000; that said valuation was a fair valuation, including said improvements and buildings on said pier No. 2; that said estimate included all the property belonging to appellee in said south town. The bill further alleges that the board of review afterwards placed an assessed valuation of $30,000 on all of appellee's property in said south town, and a tax was levied thereon amounting to $1917.30; that on February 16, 1905, appellee paid to appellant, in his official

capacity as county collector, the said sum of $1917.30 in full payment of all taxes levied upon the property belonging to the appellee in the south town and received his receipt therefor. The bill further alleges that the board of assessors, and the board of review also, for the purposes of taxation for the year 1904, valued said buildings and improvements upon the north two hundred feet of said pier No. 2 as real estate, at the sum of $480,745, and put an assessed valuation thereon of $96,149; that there was thereupon extended against appellee and against the said buildings and improvements, as real estate, by the taxing authorities of said Cook county, a tax amounting to $6144.91 for the year of 1904. The bill further alleges that the appellee had no notice and did not know of said assessment made upon said buildings and improvements on real estate, or of the tax of $6144.91, until September 14, 1905, when said buildings and improvements were offered for sale by appellant for non-payment of said real estate taxes; that a warrant for the collection of said taxes was duly issued to appellant as county collector, and because said tax was not paid to him appellant caused publication to be made against said property for delinquent taxes, as provided by law, and subsequently, without actual notice to the appellee, a judgment and order of sale were entered against the said property for said taxes, penalties, etc. The bill further alleges that on April 1, 1905, appellee was still possessed of the same property situated in said south town of Chicago on pier No. 2 aforesaid, and also a small amount of other personal property of the value of about $200, and that the foregoing was all the property owned by appellee in said south town; that the board of assessors, at its meeting in 1905 to value and assess property for taxation that year, estimated the total fair value of appellee's personal property in said south town at $250,000; that said valuation was a high valuation therefor, including said improvements and buildings on said pier No. 2; that said estimate included all the property belong-

ing to appellee in said south town; that the board of assessors and the board of review afterwards placed an assessed valuation upon all of appellee's personal property in said south town of $50,000, and a tax was levied and extended thereon amounting to $3907.71; that on March 15, 1906, appellee paid to the collecter said sum of $3907.71 in full payment of such tax and received his receipt therefor; that said assessors and board of review, for purposes of taxation for 1905, valued said buildings and improvements upon said pier No. 2 and put an assessed valuation thereon of $96,-149 as real estate; that there was thereupon levied and extended against the appellee, and against said buildings and improvements, by the taxing authorities of Cook county, a tax amounting to $6534.33 for the year 1905, which tax is based only and solely on said property by the board of assessors and the board of review as real estate. The bill further alleges the issue of a warrant for collection and a judgment subsequently and order of sale, without notice to appellee, as in case of the taxes for 1904. It is then alleged that the taxes levied on said buildings and improvements situated on pier No. 2, as aforesaid, as real estate, constituted a double taxation; that the same is a cloud upon appellee's title, and a lien, at law, against appellee's property. The bill prays that the said taxes as levied against the said property as real estate for the years 1904 and 1905 be declared null and void, that the lien thereof be discharged and removed from the said property of appellee, and that appellant be restrained by order of the court from collecting the same. On October 19, 1906, appellant filed his answer, denying the double taxation. Replication was filed and the cause was heard in the circuit court of Cook county at the April term, 1907, and a decree entered in accordance with the prayer of the bill. Appellant brings the record to this court for review.

The evidence satisfactorily shows that the taxes sought to be enjoined were levied upon the same property upon

which appellee had paid the taxes as personal property. The doctrine is established in this State that a court of equity will enjoin a tax that is void or levied without authority of law, or where the property is exempt from taxation, or where there has been a fraudulent assessment at too high a rate. (*Munson* v. *Miller*, 66 Ill. 380; *Ottawa Glass Co.* v. *McCaleb*, 81 id. 556; *Moore* v. *Wayman*, 107 id. 192; *New Haven Clock Co.* v. *Kochersperger*, 175 id. 383; *Siegfried* v. *Raymond*, 190 id. 424.) Where a tax is levied, without authority of law, in excess of the proper and uniform legal rate of taxation, the collection of such excess may properly be enjoined. (1 High on Injunctions, sec. 503; *Porter* v. *Rockford, Rock Island and St. Louis Railroad Co.* 76 Ill. 561.) Cooley, in his work on Taxation, (vol. 1, p. 394,) speaking of double or duplicate taxation, says: "There is a sense, however, in which duplicate taxation may be understood, and which we think is the proper sense, which would render it wholly inadmissible under any constitution requiring equality and uniformity in taxation. By duplicate taxation, in this sense, is understood the requirement that one person, or any one subject of taxation, shall directly contribute twice to the same burden while other subjects of taxation belonging to the same class are required to contribute but once." In the case at bar the double assessment was not caused through the voluntary act or by reason of any neglect or default on the part of appellee, and in this respect the case is distinguishable from *Chicago, Burlington and Quincy Railroad Co.* v. *People*, 136 Ill. 660.

The decree enjoining the collection of this tax was a proper one under the facts shown, and is accordingly affirmed. *Decree affirmed.*