Lancaster County v. Whedon.

LANCASTER COUNTY ET AL. V. CHARLES O. WHEDON.

FILED JUNE 8, 1906.  No. 14,195.

1. **Taxation: APPEAL: BURDEN OF PROOF.** Where a taxpayer appeals from the action of the board of equalization in the matter of the assessment of property for taxation, the burden is on the appellant to show that the decision of the board is erroneous.

2. ———: JUDGMENT: EVIDENCE. The statement of a witness that he would not have increased the assessed valuation of the real estate of a certain precinct or ward, and that such increase did not tend to equalize the values of real estate throughout the city, without stating any facts as a basis for his opinion, is not sufficient to overthrow the judgment of the board of equalization.

51

3. ———: EQUALIZATION: NOTICE. Where the value of property, as returned by the assessor, as to an entire precinct is relatively too low, it may be raised by the board of equalization without notice previously given to property owners.

4. Board of Equalization: FINDINGS. The statute requires no formal finding by the board of equalization as a basis for its action in equalizing assessments between precincts, and a finding that it is necessary to a just and proper equalization of the assessments of the various precincts and wards of a county that the aggregate assessment of certain precincts and wards be raised, and that others be lowered, is sufficient to sustain an order equalizing such assessments.

ERROR to the district court for Lancaster county: ED-WARD P. HOLMES, JUDGE. *Reversed.*

*J. L. Caldwell, F. M. Tyrrell* and *Charles E. Matson,* for plaintiffs in error.

*Charles O. Whedon, pro se.*

BARNES, J.

The facts underlying this controversy, as disclosed by the record, are as follows: On the 7th day of July, 1904, the last day of the session of the county board of equalization of Lancaster county, an order was entered by said board equalizing the assessments in said county, as follows: "Whereas, it is necessary to a just and proper equalization of the assessment of the various precincts and wards of Lancaster county that the aggregate assessment of certain precincts and wards be raised and lowered; therefore, be it resolved by the board of equalization of Lancaster county, Nebraska, that the following precincts and wards be lowered, viz. (then follows the names of 22 precincts) : and the aggregate assessment of the following precincts and wards be raised, viz.: Fifth ward—lots 10 per cent.; sixth ward—lots 10 per cent.; first ward —lots 10 per cent.; third ward—lots 10 per cent. The amount of such additions or reductions shall be added to or subtracted from each individual assessment in

said precincts or wards *pro rata,* except where valuations have been fixed by the board of equalization." Some two weeks later Charles O. Whedon, a resident taxpayer of the fifth ward in the city of Lincoln, filed a notice with the county clerk certifying his intention of appealing from the order increasing the assessed valuation of the real estate in said ward. His appeal bond was later approved and, together with a transcript of the proceedings of the board, was filed with the clerk of the district court, thus perfecting his appeal in accordance with the practice governing appeals from the allowance or disallowance of claims by the county board. Later on the appellant filed his petition in said court, alleging, among other things, that he prosecuted the appeal on his own behalf and on behalf of all other owners of real estate subject to taxation in said Fifth ward precinct. The county attorney demurred to the appellant's petition, and when the cause came on for trial withdrew the demurrer, and objected to the introduction of any evidence on the part of the appellant on the grounds that the court had no jurisdiction over the subject matter, and no jurisdiction over the person of any taxpayer of the Fifth ward other than Mr. Whedon. The objection was overruled; the case was tried upon the evidence introduced by the appellant alone, and the court thereupon made the following findings: "That the plaintiff was the owner of certain real estate in the Fifth ward of the city of Lincoln, said ward being one of the precincts of Lancaster county;  *  *  *  that appellant prosecutes the appeal, not only on his own behalf, but on behalf of all other owners of real estate subject to taxation in said precinct; that on the last day of the sitting of the board of equalization of said county, to wit, on the 7th day of July, 1904, said board made its order as set out in appellant's petition, and that the county clerk in making up the tax list of said county added to each lot or tract of real estate in said precinct 10 per cent. above the valuation placed thereon by the county assessor or his deputy; that such increase of 10 per cent. was not necessary or

proper to be made for the purpose of equalizing the valuations of property in said county for the purpose of producing a just relation between all the valuations of property in said county, or for any purpose whatever, and that such increase was unauthorized, and was arbitrarily made, without ascertainment being made or had by said county board as to whether the valuation of the property in said precinct bore a just relation to the property in other precincts of said county." And thereupon the court reversed the order of the board of equalization, annulled the same, set it aside, directed the county treasurer to correct his tax record to conform to the judgment of the court, and taxed the costs of the proceeding to the county. From said judgment the county attorney has brought the case to this court by a petition in error.

The plaintiffs contend that, no complaint having been filed before the board of equalization, neither the appellant Whedon, nor any other real estate owner in the Fifth ward, can be heard to complain that his assessment was too high, or, in other words, that the court was without jurisdiction of the subject matter of the appeal. Section 124, art. I, ch. 77, Comp. St. 1903, provides: "Appeals may be taken from any action of the county board of equalization to the district court within twenty days after its adjournment, in the same manner as appeals are now taken from the action of the county board in the allowance or disallowance of claims against the county." It is further provided by said section that "the court shall hear the appeal as in equity and without a jury, and determine anew all questions raised before the board which relate to the liability of the property to assessment, or the amount thereof." So, it would seem that a taxpayer, or the taxpayers collectively, of any precinct or ward may appeal from the action of the board of equalization in such a case by proceeding in the manner pointed out by the statutes. Whether it is necessary for the appellant to file a complaint and have a hearing before the board, as a foundation for his right to appeal, we are not required to determine in this

case, because the judgment of the district court must be reversed on other grounds, and we therefore leave that question for future consideration.

It is next contended that the evidence is insufficient to sustain the judgment of the trial court. As before stated, the appellant introduced his testimony, and no evidence was produced on behalf of the appellees. But one witness, Mr. J. R. C. Miller, was produced, who testified as follows: "Q. Mr. Miller, in regard to the raise of 10 per cent. on real estate in the Fifth ward precinct, in view of the assessed valuation placed on the property of the city and the investigation that you have made since the adjournment of the board of equalization, would you say that that raise of 10 per cent. on the real estate of the Fifth ward was unnecessary and excessive in comparison with the valuation on other property in the city? A. Yes, I think that is true. But I would like also to say that it don't make the assessment any more uniform by the 10 per cent. raise than if it had been left off. Q. How is that? A. I would say that it don't make the assessment any more uniform by putting the 10 per cent. on than if it had been left off. Q. (By Mr. Caldwell.) You mean uniform throughout the ward? A. Yes. Q. (By Mr. Whedon.) You would say, then, that that raise was unnecessary, and did not tend to equalize the values of the real estate throughout the city? A. No, sir. Q. And you would not make that increase now just upon that ward alone, in view of the valuation that has been placed upon the other property throughout the city—real estate throughout the city? A. No, not in that way. No, sir. (By the Court.) This raise was made by the board of equalization without notice? A. Yes, sir; just a flat raise by the board of equalization. Q. (By Mr. Caldwell.) That equalized the values of the several wards in the city? A. Yes, sir. (By the Court.) Wasn't raised at your instance? A. No, sir." It also appears that the witness was the county assessor and a member of the board of equalization, and this was all of the evidence offered or received at the trial.

When the jurisdiction of a *quasi* judicial tribunal is once established, its subsequent proceedings are presumed to be regular. And so the rule is that, where a taxpayer appeals to the district court from the action of the board of equalization in the matter of the assessment of property for taxation, the burden is on the appellant to show that the decision of the board is erroneous. A contrary holding would impose on the district court the duty of making an original assessment of the property of the county. *Frost v. Board of Review*, 113 Ia. 547. It will be observed that the witness stated no facts on which to base an opinion that the action of the board was incorrect. The substance of his testimony is that he would not have made the raise of 10 per cent. on the assessed valuation of the real estate in the Fifth ward, but he gives no reason for his statement. He gives no facts as to the assessed value of property in any other precinct of the city or county, but merely states that the raise did not make the assessed valuation of the city precincts or wards any more uniform than it was before such increase was made. There is nothing in the testimony by which a comparison of values between the different wards of the city and the different precincts of the county can be made, and the court was not justified in allowing the individual opinion of the witness to prevail over the collective judgment of the members of the board of equalization, of which he was a constituent part, and whose conclusion he had, without objection, officially agreed to. Again, an examination of the petition satisfies us that it is insufficient to sustain the judgment of the trial court. To be sure, it contains an allegation that the increase complained of was needlessly, unjustly and arbitrarily made, but such allegations are the conclusions of the pleader, and not statements of facts. So, we are satisfied that neither the appellant's petition nor the evidence adduced by him was sufficient to sustain the judgment of the district court.

Complaint is also made of the finding that notice of the meeting or action of the board of equalization in ordering

the increase should have been given to the real estate own-
ers of the Fifth ward.   We are satisfied from an examina-
tion of the authorities that no such notice was necessary.
Section 121, art. I, ch. 77, Comp. St. 1903, provides, among
other things, that "the county board shall hold a session
of not less than three nor more than twenty days for the
purpose contemplated in this section, commencing on the
first Tuesday after the second Monday of June each year."
This is a sufficient notice to all taxpayers of the board's
meetings.  If the appellant, or any other taxpayer in the
county, feared that the board would make any order detri-
mental to his interest, it was his duty to be there to pro-
test.   In the recent case of *Hacker v. Howe,* 72 Neb. 385,
it was said:

"No notice is required, other than that given by statute,
of the time and place of meeting or of action taken by the
state board in the equalization of the assessments of prop-
erty of the different counties."  In the body of the opinion
Chief Justice HOLCOMB says: "With reference to the al-
leged want of notice of the meeting of the state board of
equalization, none is required.   The section under which
the board acted fixes the time and place of the meeting, and
this of itself is sufficient notice, even though one were re-
quired, to the different counties and all persons interested,
of the time and place of such meeting.   By this statute
all are warned as to when the meeting will occur, and the
nature of the action which may be taken in pursuance of
the power therein conferred upon the board.   This section
meets all legal requirements as to public notice, and no
additional duty devolves upon the board to notify any of
the time and place of its meeting, or of its contemplated
action when convened for the purposes contemplated by
the statute."

*Hallo v. Helmer,* 12 Neb. 87, is a case directly in point.
It is there held that, where the valuation of property, as
returned by the assessor, as to the entire precinct or tax
district is relatively too low or too high, it may be raised
or lowered by the board of equalization without notice pre-

viously given to property owners.  So, it seems that no
notice of the action of the board was required, and the
holding of the trial court to the contrary constitutes re-
versible error.  It is contended, however, by the defendant
in error that the allegations of his petition were confessed
for want of answer, and therefore the plaintiff cannot be
heard to complain of the judgment of the trial court.  This
contention is not well founded: First, because, as we have
heretofore stated, his petition did not state sufficient facts
to entitle him to the relief prayed for; and, second, the
cause was tried in the district court as though an answer
was unnecessary.  Judgment was not taken *pro confesso*
for want of an answer to the petition, but a trial was had
in which the appellees objected to the introduction of any
evidence, or, in effect, demurred to the petition *ore tenus;*
the demurrer was overruled, and the appellant in order
to make his case produced his witness, whose evidence was
taken, and the judgment of the trial court was based alone
on such evidence.  So, the failure of the appellees to
answer in the court below does not deprive them of the
right to review the judgment of that tribunal.

It is further contended by the defendant in error that
the finding of fact made by the board was not sufficient
to sustain its order.  An examination of the statute dis-
closes that it makes no provision for a finding of any kind.
It is made the duty of the board, among other things, to
ascertain whether the valuation in one township, precinct
or district bears just relation to all townships, precincts
or districts in the county, and to increase or diminish the
aggregate valuation of property in any township, precinct
or district by adding or deducting such sum upon the
hundred as may be necessary to produce a just relation
between all the valuations of the property in the county.
The record recites, in effect, that the board ascertained the
necessary facts, and such finding was sufficient to authorize
the board to act.

So, we are of opinion that defendant's contention cannot
be sustained, and, for the errors above mentioned, the judg-

ment of the district court is reversed and the cause is remanded for further proceedings in accordance with this opinion.

REVERSED.