IN RE ASSESSMENT OF REAL ESTATE AND BUSINESS PROPERTY IN THE STATE OF NEBRASKA FOR 1953. COUNTY OF BUFFALO, APPELLANT, v. STATE BOARD OF EQUALIZATION AND ASSESSMENT, APPELLEE.

63 N. W. 2d 468

Filed March 12, 1954. No. 33483.

354

*R. L. Haines,* for appellant.

*Clarence S. Beck,* Attorney General, and *C. C. Sheldon,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

MESSMORE, J.

The County of Buffalo gave notice of its intention to obtain a review of the decision of the State Board of Equalization and Assessment with respect to the valuations of real and personal property in the county as provided for by section 77-510, R. R. S. 1943. In accordance therewith, the county perfected appeal to this court. The State Board of Equalization and Assessment increased

the valuations returned by the county board of equalization of Buffalo County in the manner hereafter shown.

For convenience, and unless otherwise required, we shall refer to the appellant county as the County, and the State Board of Equalization and Assessment as the State Board.

The county abstract of assessment for 1953 was forwarded to the State Board as provided for in section 77-1514, R. R. S. 1943, and contained a showing of the values as equalized and corrected by the county board of equalization and the information as to the taxable property in the county as required by said section.

The State Board met on the first Monday in July, as required by section 77-505, R. R. S. 1943, this date being July 6, 1953, for the purpose of equalizing assessments on both real and personal property. At this meeting the State Board adopted a resolution to the effect that the State Board had examined and considered the abstracts of property assessed for taxation in the various counties of the state previously submitted to said board, together with other pertinent data and information submitted by the State Tax Commissioner. Based upon and in consideration of such abstracts, data, and information, together with other matters within the general knowledge of the members of said board, it appeared that a just, equitable, and legal assessment of property in the state could not be made without increasing or decreasing the valuations of property, or some classes or kinds thereof, as returned by the various counties. The board deemed that all counties were either undervalued or overvalued; that hearings should be held before said board at which the legal representatives of such counties should be given an opportunity to show cause why the valuations of property of their respective counties should not be increased or decreased; and that notice should be given each county of the time and place of hearing.

With reference to the notice as set forth in section

77-508, R. R. S. 1943, the County makes an assignment of error with which we will deal later in the opinion. However, the notice was to the effect that the State Board would meet in the Governor's hearing room in the State Capitol Building, Lincoln, Nebraska, on July 15, 1953, and the hearings would continue for the purpose of considering the equalization of the valuations of the counties notified. Buffalo County was notified to have its representatives present on July 15, 1953, for such purpose.

The pertinent part of the notice to Buffalo County was as follows: "Notice is hereby given that the State Board of Equalization and Assessment will meet at the Governor's Hearing Room, in the State Capitol Building, Lincoln, Nebraska, on the 15th day of July, 1953, for the purpose of considering the equalization of valuations in your county for the year 1953.

"Representatives of your county may appear at the aforesaid time and place and such representatives will be given an opportunity at said meeting to show why the assessed valuations of any or all class, classes, or kinds of property, personal, real or mixed, in your county, as shown by the 1953 abstract of assessment rolls heretofore submitted to this Board, should not be increased or decreased as may be found necessary to equalize the assessments of the various counties of the state in such a manner as to make such assessments conform to law." This notice was dated July 6, 1953, and signed by the secretary of the State Board.

On July 15, 1953, the State Board met as indicated in the above notice. The county assessor of Buffalo County presented a showing for the county; stated his views with reference to the estimated actual value figures on farm real estate completed by the office of the State Tax Commissioner; and stated that the estimated actual valuation figures for Buffalo County were below current prices. He also believed this to be true with reference to hill land and valley land. Comparisons with

the appraisal totals submitted by E. T. Wilkins and Associates further substantiated the belief that the valuation estimates submitted by the office of the State Tax Commissioner were conservative. He further asserted that the business inventory assessments in Buffalo County needed more attention.

On July 27, 1953, the State Board met in the office of the State Tax Commissioner in the State Capitol Building at Lincoln, Nebraska, and proceeded to a further examination of the abstracts returned by each of the counties, including that of Douglas County which had been received by the board on that date. Further consideration was given to the showings and presentations made by the various counties at the hearings previously held, and of other evidence and records. The State Board found that in order to make the assessments as returned by the individual counties conform to law, and in order to arrive at a just, equitable, and legal assessment of the real and personal property in the state, certain increases should be made. The lands and improvements of Buffalo County were in no manner disturbed by the State Board. However, the following increases were found to be necessary as concerns Buffalo County:

| Item or Class of Property | Actual Value Shown on 1953 Abstract | Actual Value as Adjusted by State Board | Assessed Value as Equalized by State Board | Percent of Incr. or Decr. |
| --- | --- | --- | --- | --- |
| Lots & Improvements | $22,882,898 | $32,722,540 | $16,361,270 | Incr. 43% |

With reference to business schedules, total household goods and personal equipment, for the purpose of argument the County limited itself only to the matter above mentioned.

In determining this appeal, we may not substitute our judgment for that of the State Board. We review the record to determine if the State Board has complied with the requirements of the statutes in exercising the powers granted to it by legislative authority and, where the

record is clear that it has, it is then our duty to hold its actions to be in accordance with the law.

There is some intimation in the brief of the County that the notice given by the State Board did not properly advise the County of the object or purpose of the hearing to be held on July 15, 1953. No assignment of error is set forth by the County in this respect. However, the sufficiency of the notice has heretofore been determined in the case of Boyd County v. State Board of Equalization & Assessment, 138 Neb. 896, 296 N. W. 152, and as the notice appears in the instant proceeding, in the cases of County of Grant v. State Board of Equalization & Assessment, ante p. 310, 63 N. W. 2d 459, and County of Howard v. State Board of Equalization & Assessment, ante p. 339, 63 N. W. 2d 441, we have again determined the sufficiency of the notice and the same applies to the instant case.

The County set forth that the State Board erred in taking no action on the motion of the County for a further hearing.

On August 6, 1953, the County gave notice of its intention to appeal. On August 7, 1953, the County filed a motion for further hearing before the State Board. The State Board declined to entertain this motion. The County, in its brief, did not discuss or argue this assignment of error. Under rule 8a 2 (4), Revised Rules of the Supreme Court of the State of Nebraska, 1951, errors assigned but not argued will be considered as waived. See, Mason v. State, 132 Neb. 7, 270 N. W. 661; Maher v. State, 144 Neb. 463, 13 N. W. 2d 641. This assignment of error needs no further discussion.

The County assigns as error that the State Board is without jurisdiction in this proceeding for the reason that it failed to give the proper statutory notice to the chairman of the county board of supervisors of the County.

Section 77-508, R. S. 1943, insofar as pertinent here, provides that notice shall be mailed to the county clerk,

county assessor, and chairman of the county board. We have taken cognizance of the different affidavits appearing in the record with respect as to whether the chairman of the county board of supervisors of the County received notice or failed to receive the same, and the affidavits of the Tax Commissioner, the assistant tax commissioner, and employees of the tax commissioner's office. It is apparent that the notice was mailed to the county clerk, the county assessor, and the chairman of the county board. That is all that is required by the statute. Even in the event the notice was considered defective, the County made an appearance before the State Board by its legal representative, which demonstrated it had actual notice of the meeting and was not prejudiced in any manner. See Boyd County v. State Board of Equalization & Assessment, *supra*. The County's assignment of error cannot be sustained.

The County contends, upon appeal from the final order of the State Board, the review by the appellate court is ordinarily limited to questions of law and whether or not the evidence is sufficient to sustain the order. The sole question is whether such order was arbitrarily made. This rule is announced in Laflin v. State Board of Equalization & Assessment, 156 Neb. 427, 56 N. W. 2d 469.

In this connection the County asserts that the evidence appearing in the record is insufficient to sustain the findings of the State Board; that the record should show the manner by which the State Board arrived at its decision to raise the County's town lots and improvements by an increase of 43 percent; that the State Board should show the formula it used in doing so and as to whether it took into consideration sales for a period of 20 years, 10 years, 5 years, or 1 year; and that there is not a scintilla of evidence adduced by the State Board. The position of the County thoroughly indicates that the State Board is under an obligation to adduce evidence to show upon which basis it made its final decisions, and

is charged with the affirmative duty to have produced evidence and to have made a record thereof at the hearing. We are not in accord with the County's position in such respect as will appear later.

The case of Laflin v. State Board of Equalization & Assessment, *supra,* determined that in a situation wherein it affirmatively appears on the face of the record that property has not been valued according to the actual value or that property has not been valued uniformly and proportionately between the various counties, the court will then interfere for the purpose of directing such appropriate action as may be required by law. The record in the Laflin case showed conclusively that the State Board was in violation of the revenue laws, and explained the reason therefor; that the State Board endeavored to equalize valuations on the basis of 20-year sale prices; that the treatment accorded to Johnson County farm land was arbitrarily made; and there was a complete failure to approach equality between the various counties of the state. The decision was not based upon any theory of a requirement that the record contain all of the information, knowledge, and other matters upon which the final action of the State Board was made. The interpretation of the Laflin decision is in harmony with the principles that it will be presumed that the State Board acted fairly and in conformity with the law, in the absence of an affirmative showing to the contrary.

The County contends that it is the function of the State Board to examine the assessment rolls of the various counties and, by the process of equalization, raise or lower the valuations therein contained to conform to the requirement that taxable property shall be assessed at its actual value. In so doing, the objective is not only to assess taxable property at its actual value, but also to secure a uniform and proportionate valuation for taxation purposes as required by Article VIII, section 1,

of the Constitution of Nebraska, which need not be set out.

Again, in this assignment of error the County asserts that this court is faced with an insufficiency of evidence, and then points to the proposition that E. T. Wilkins and Associates, to the best of their professional ability, valued city lands and farm lands at what they judged to be actual value. There is no evidence in the record as to any valuations placed upon any property in the county by E. T. Wilkins and Associates.

To follow up what we have previously said with reference to the State Board being required to adduce evidence, the transcript contains the records and proceedings as heretofore indicated. The State Board is not required to prepare a bill of exceptions or any other manner of documentation of all matters which may have been considered in connection with its determinations. The County, if it desired, could have produced evidence at the hearing and caused the same to be preserved for examination at this time in the form of a bill of exceptions. Such a duty does not rest on the State Board. As stated in Boyd County v. State Board of Equalization & Assessment, *supra*: "The statute does not require the state board to have a stenographer, nor to keep a complete and exact record of all its proceedings. Unless the statute so required, it was not necessary for the board to do so. * * * This does not prevent any interested party from having a reporter and making a bill of exceptions of the evidence, * * * or any part of the evidence. The county in these proceedings might have taken such a record of the evidence if it desired, but it apparently had no such desire, and cannot now assign as error that the state board did not do so."

The foregoing language indicates that the burden is upon the County to establish the correctness of its valuations, rather than any burden resting upon the State Board to establish the incorrectness of such valuations. The only matter presented to the State Board by the

County was a categorical statement by its county assessor.

Further in this connection, on the proposition that the burden is upon the party assailing the action of the board of equalization, in the case of Hatcher & Co. v. Gosper County, 95 Neb. 543, 145 N. W. 993, this court said: "Where a taxpayer appeals from the action of the county board of equalization in fixing the value of his property for taxation, the presumption obtains that the board faithfully performed its official duties, and that in making the assessment it acted upon sufficient competent evidence to justify its action; and the burden is upon the appellant to plead and prove that the action of the board is erroneous." While the Hatcher case involved an appeal from the county board of equalization, the reasoning of the language quoted is equally appropriate to an appeal from the State Board of Equalization and Assessment.

To like effect is the case of Chicago, R. I. & P. Ry. Co. v. State, 112 Neb. 727, 200 N. W. 996. This case involved an appeal from the action of the State Board in making an original assessment of certain railroad property. The court said: "The burden of proof is upon the company to establish its contention that the value of its property has been fixed by the board at an amount greater than its actual value, or that its assessed value has not been fairly and properly equalized when considered in connection with the assessment of all other property, so that this disparity and lack of uniformity result in an unjust and unfair assessment. * * * Approximation both as to value and uniformity is all that can be reached. We cannot say the company has sustained the burden of proof that the assessment is so unjust and arbitrary that it ought to be set aside."

In the case of Lancaster County v. Whedon, 76 Neb. 753, 108 N. W. 127, this court made it clear that in appeals from the actions of boards of equalization the burden falls upon the party seeking to disturb the action of

the board. The court said: "When the jurisdiction of a quasi judicial tribunal is once established, its subsequent proceedings are presumed to be regular. And so the rule is that, where a taxpayer appeals to the district court from the action of the board of equalization in the matter of the assessment of property for taxation, the burden is on the appellant to show that the decision of the board is erroneous." See, also, Borgnis v. Falk Co., 147 Wis. 327, 133 N. W. 209, 37 L. R. A. N. S. 489.

The State Board is not required to follow any particular method in the equalization of values between the counties, but may adopt any reasonable method for such purpose. In equalizing the values of property as between the various counties, the State Board may act upon abstracts of assessments returned by the various counties, the knowledge of its own members as to value, or any other information satisfactory to it. See Boyd County v. State Board of Equalization & Assessment, *supra.*

In the event the record discloses on its face, as in the case of Laflin v. State Board of Equalization & Assessment, *supra,* that the action of the State Board is arbitrary, then the abstracts of assessment of the various counties, the knowledge of the members of the State Board as to value, and other information satisfactory to it would not prevail.

We conclude that the assignments of error predicated by the County as heretofore set out cannot be sustained.

From an examination and study of the record, we believe the decision and final order of the State Board of Equalization and Assessment is not arbitrary or capricious, but is in accordance with the record and the law. It is ordered that the decision and final order of the State Board of Equalization and Assessment be, and is hereby, affirmed.

AFFIRMED.